IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT McCOY BRADLEY, # 09467-058 | * | |
| Petitioner | * | |
| v | * | Civil Action No.  RDB-12-1917 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

The *pro se* Petitioner Robert McCoy Bradley ("Bradley") has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, alleging that he has been unlawfully denied eligibility for early release by the Bureau of Prisons, pursuant to 18 U.S.C. § 3621(e). Respondent John F. Caraway, Warden of the Federal Correctional Institution in Cumberland, Maryland ("FCI- Cumberland"), has filed a Motion to Dismiss or, in the Alternative for Summary Judgment.[1]  (ECF No. 6).  The matter has been fully briefed, and a hearing is deemed unnecessary. *See* Local Rule 105.6 (D. Md. 2011).  For reasons to follow, this Court will grant Respondent's Motion for Summary Judgment.

## BACKGROUND

On August 9, 2006,  Bradley pleaded guilty in the United States District Court for the Western District of North Carolina to a violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Manufacture and Possess with Intent to Distribute Methamphetamine. Case No. 1:06CR31-2 (W.D.N.C.).  On February 6, 2007, he was sentenced to a 121-month term of imprisonment to be followed by five years of supervised release.

---

[1]  Bradley is a prisoner confined at FCI Cumberland.  Accordingly, Warden Caraway is Bradley's custodian and the proper party respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  Warden Caraway will be substituted as Respondent and the United States dismissed as a party in this action.

Bradley claims the Bureau of Prisons ("BOP") improperly denied him eligibility for early release under 18 U.S.C. § 3621(e) because his current felony conviction for conspiracy to manufacture and possess with intent to distribute methamphetamines is not a "violent crime" and methamphetamine materials should not be considered as criteria for violence. (ECF No. 1 at 7). Further, he posits the BOP determination was arbitrary, capricious and an abuse of discretion. *See id*. at 8.  As relief, Bradley asks this Court to order the BOP to find him eligible for early release upon his successful completion of the Residential Drug Abuse Program ("RDAP").

Respondent's verified exhibits demonstrate that Bradley's Pre-Sentence Investigation Report ("PSR") recommended a 3-point Specific Offense Characteristic ("SOC") enhancement in accordance with U.S.S.G. § 2D1.1 (b)(8)(B) for the offense involving the manufacture of methamphetamine. The offense had created a substantial risk of harm to human life and/or the environment, due to the fact that hazardous waste cleanup teams had to be called to sites where methamphetamine laboratories for which Petitioner was responsible were found. (ECF No. 6, Ex. 1, Matason Decl. at ¶ 4, n. 1). The sentencing court adopted the recommended 3-point SOC enhancement, and explained in the Statement of Reasons:

> [T]he Court concludes the defendant was involved in the manufacture of methamphetamine which uses the variety of ingredients found in the residence on 3/26/06. These ingredients are commonly used to manufacture methamphetamine and are known to create a substantial risk of harm to human life and poisoning the environment, and they constitute hazardous waste at least to those involved in the manufacture of methamphetamine whether or not being hazardous to the community outside the general area. The Court concludes that the three-level enhancement is well taken, and denies the defendant's motion to strike the enhancement.

(ECF No. 6, Ex. 1, Matason Decl. at ¶ 4).

On April 20, 2011, the Bureau of Prisons determined that, even though Bradley satisfied

2

the criteria for participating in RDAP, he was ineligible for early release under 18 U.S.C. § 3621(e) because his conviction: (1) involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) (28 C.F.R.§ 550.55(b)(5)(ii)); (2) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii)); and (3) is an attempt, conspiracy, or other offense which involved an underlying offense listed in (b)(4) or (b)(5) of the section (28 C.F.R. § 550.55(b)(6)). (ECF No. 6, Ex. 1, Matason Decl., Attachment C (BP-942, Request for § 3621(e) Offense Review).[2]

## STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is properly granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party must demonstrate through the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that a reasonable jury would be unable to reach a verdict for the non-moving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986). When this burden is satisfied, the non-moving party then bears the burden of demonstrating that there are disputes of material fact and that the matter should proceed to trial. *See Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).

A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[2] On May 22, 2012, Bradley entered the residential unit-based component of RDAP. (ECF No. 6, Ex. 1, Matason Decl. Attachment D).

party." *Id*. In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *See id.* at 249. Further, a court must construe the facts in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *In re: Apex Express Corporation*, 190 F.3d 624, 633 (4th Cir. 1999). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. Mindful that Bradley is self-represented, this Court has construed his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

### I. ELIGIBITY FOR EARLY RELEASE

Pursuant to 18 U.S.C. Section 3621(b), the BOP must provide drug abuse treatment programs for its prisoners whom the Bureau determines have "a treatable condition of substance addition or abuse." 18 U.S.C. § 3621(b). To encourage inmates to participate in such programs, the BOP is authorized to reduce the sentences, up to one year, of prisoners with non-violent offenses who have successfully completed the RDAP. 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides:

> The period of a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

Because Section 3621(e) does not define "nonviolent offense" nor set forth criteria for eligibility for early release, the BOP is vested with discretionary authority to determine when an

4

inmate's sentence may be reduced under the statute.  Pursuant to this authority the BOP has promulgated regulations to implement the statute. The regulations set forth at 28 C.F.R. § 550.55, *et seq*. and in Program Statement 5162.05, Categorization of Offenses have been upheld as a valid exercise of discretion under 18 U.S.C. § 3621(e)(2)(B). *See Lopez v. Davis* 531 U.S. 230, 40; *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2011).

Title 28 C.F.R. Section 550.55 provides, in part, that prisoners whose current felony offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release. 28 C.F.R. § 550.55(b)(5)(ii) and (iii).

Although Bradley's offenses, 21 U.S.C. §§ 841 and 846, are not crimes of violence in all cases as defined by Program Statement 5162.05, they are included in Section 4: "Offenses that at the Director's Discretion Shall Preclude an Inmate's Receiving Certain Bureau Program Benefits."  (ECF No. 6, Exhibit 2 at 8, 12, specifying early release as an example of an included benefit).  Such offenses include felonies that: (1) have an element, the actual, attempted, or threatened use of physical force against the person or property of another; (2) involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device); or (3) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another. *See id*.  The criminal offenses listed in Section 4(b) (including 21 U.S.C. §§ 841 and 846 convictions) may or may not satisfy the standard, depending on whether the offense involved the use or threatened use of force, or risk of bodily injury as reflected in a SOC enhancement to the Total Offense level. *See*

5

*id* at 12; *see also* Program Statement 5162.05 (4) (b).  In Section 4.d. of Program Statement 5162.05 (also 28 C.F.R. § 550.55(b)(6)), a conspiracy offense (21 U.S.C. § 846) prevents a prisoner from receiving certain benefits if the underlying offense would preclude receiving the benefits based on any other portions of Section 4.

In this case, the sentencing court attributed the methamphetamine ingredients to Bradley, and specifically stated the ingredients are known to create a substantial risk of harm to human life and the environment.  Thus, the BOP exercised its discretionary authority to determine that the 21 U.S.C. § 841 offense and sentencing enhancement precluded Bradley's early release.  Because Bradley's underlying offense precluded his early release, it follows that the 21 U.S.C. § 846 conspiracy offense precluded early release as well. *See* 28 C.F.R. § 550.55(b)(6); Program Statement 5162.05 (4)(d).

The United States Court of Appeals for the Fourth Circuit has specifically noted that "[t]he dangers of methamphetamine laboratories to human life are well-documented." *United States v. Howell*, 201 Fed. App'x. 948, 949 (4th Cir. 2006). The BOP did not err by determining the manufacture of methamphetamine posed a recognizable danger. *See Walter v. Bauknecht,* 155 Fed. Appx. 463 (11th Cir. 2005) (finding no error where BOP determined prisoner convicted of conspiracy to manufacture methamphetamine ineligible for sentence reduction because offense involved material which posed cognizable danger to the public).

## II.     DETERMINATION BY THE BUREAU OF PRISONS

Determinations concerning the reduction of a federal inmate's sentence are excluded from judicial review.  *See* 18 U.S.C. § 3624 (providing Administrative Procedure Act does not apply to BOP determinations concerning imprisonment or release).  However, "even where

action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981). This analysis addresses first whether any cognizable constitutional claim has been presented and second whether an agency's interpretation of a statute is contrary to well-settled law. *See Webster v. Doe*, 486 U.S. 592 (1988); *Neal v. United States*, 516 U.S. 284 (1996). Apart from Bradley's conclusory and self-serving contentions, he provides no factual or legal grounds to substantiate his claims that the BOP exceeded its legal authority, acted unconstitutionally or failed to follow its own regulations when it determined him ineligible for early release.

### III.  DUE PROCESS

To the extent Bradley asserts the BOP determination at issue here constitutes a violation of his right to due process, his argument is unavailing. The Due Process Clause applies only when government action deprives a person of a protected liberty or property interest under the Fifth Amendment. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* This Court has previously noted that a prisoner does not have protected liberty interest in discretionary early release under 18 U.S.C. § 3621(e) for completion of the Residential Drug Abuse Program. *See e.g. Robinson v. Gonzales,* 493 F. Supp. 2d 758, 763 (D. Md. 2007); *Simmons v. Warden*, FCI Cumberland, 2011 WL 147294, *3 (D. Md. 2011). Nor does a prisoner have a constitutional right to be placed in a particular prison facility with a particular drug treatment program. *See McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Moody v. Daggett,* 429 U.S. 78, 88

n. 9 (1976) (no due process right to eligibility for rehabilitative programs).

The determination of early release eligibility is separate and apart from the determination of eligibility for RDAP participation. Successful completion of the RDAP does not compel the BOP to grant early release. *See Lopez*, 531 U.S. at 239-41 (BOP has authority, but not duty, to alter conditions of confinement and to reduce terms of imprisonment). The BOP may exclude inmates from early release either categorically or on a case-by-case basis. *See id*. at 244. Bradley's Petition does not implicate a constitutionally protected liberty interest and there is no violation of due process.

## CONCLUSION

For these reasons, this Court finds no genuine issues of material fact are presented and will grant Respondent's Motion for Summary Judgment.  Summary Judgment will be entered in favor of Respondent and against Petitioner by separate Order to follow.


February 6, 2013                        ___/s/_____
Date                                    Richard D. Bennett
                                        United States District Judge